## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACEY GRIFFIN, individually and on behalf of her deceased husband, JOSEPH NEWBY, and COURTNEY BRASWELL | CIVIL ACTION NO.: |
| | SECTION: |
| | JUDGE: |
| VERSUS | MAGISTRATE: |
| THE UNITED STATES OF AMERICA | RULE 9(h) |

**************************************************************************

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Stacey Griffin and Courtney Braswell, both persons of the full age of majority, who allege upon information and belief as follows:

### I.

Plaintiff, Stacey Griffin ("Griffin"), brings this action individually and on behalf of the estate of her deceased husband, Joseph Newby ("Decedent"). Plaintiff Stacey Griffin was legally and lawfully married to Decedent at the time of his death and is the proper party to bring this action on the behalf of Decedent and his estate. Griffin is a resident of and domiciled in Washington Parish, State of Louisiana.

### II.

Plaintiff, Courtney Braswell ("Braswell"), is the major child of Decedent and brings this action in her individual capacity. Braswell is a resident of and domiciled in Livingston Parish, State of Louisiana.

**III.**

Made defendant herein is the United States of America ("USA"), a sovereign nation that has waived its immunity to suit and liability pursuant to the provisions of the Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq.*

**IV.**

This is an admiralty and maritime action brough pursuant to the Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq.*, and Rule 9(h) of the Federal Rules of Civil Procedure and is within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

**V.**

Venue is proper pursuant to the provisions of the Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq.*, specifically 46 U.S.C. § 30906, as the events giving rise to the claim and the vessel at issue are located within the territory of this United States District Court, and a Plaintiff resides within the territory of this United States District Court.

**VI.**

In 1935, Defendant USA, by and through the United States Army Corps of Engineers ("USACE"), commenced the "Pearl River Navigational Channel Project" to dredge an approximately 20-mile navigational canal, containing three (3) locks from South Bogalusa, Louisiana to the mouth of the West Pearl River.

**VII.**

Upon information and belief, during the 1950s, the USACE built three low head sill dams on the Pearl River, including the Pools Bluff Lock #3, with the specific purpose to maintain water levels in the navigational canal and be an aid to navigation on the Pearl River in Bogalusa, Louisiana. At present, and at all material times relevant to the events of November 29, 2021, the

Pools Bluff Lock #3 was under the command, custody, and control of Defendant USA.

### VIII.

On or about November 29, 2021, Griffin's husband, Decedent Joseph Newby, and his friend, Eric Joshua Williams, went to the Pools Bluff Pearl River boat ramp in Bogalusa, Louisiana, to launch Mr. Newby's recently purchased boat for recreational purposes.

### IX.

Upon information and belief, the men launched the boat at the Pools Bluff ramp, proceeded to the navigational canal access, made a right-hand turn onto the Pearl River, and proceeded unknowingly over the Pools Bluff low head sill dam structure, causing the boat to capsize and resulting in the injury and death of both men, including Decedent.

### X.

The injuries and death sustained by the Decedent on November 29, 2021, and the resulting damages suffered by Plaintiffs, were directly and proximately caused by the negligence of Defendant USA, its officers, employees, and/or agents.

### XI.

Prior to the deaths of Decedent and Mr. Williams, Defendant USA had actual knowledge of injuries and deaths occurring at this same location and in the same manner.

### XII.

As a part of the Pools Bluff project, Defendant USA erected warning signs and structures to alert users of the waterway to the hazard posed by the low sill dam.  Nevertheless, Defendant USA failed to maintain the warning signs and structures.

### XIII.

Defendant USA, through the United States Army Corps of Engineers, has the duty and

obligation to maintain the navigable waterways of the United States, including the Pools Bluff, Lock #3 portion of the Pearl River in Bogalusa, Louisiana pursuant to the River and Harbor Act, 33 U.S.C. § 401, *et seq*, and regulations passed thereunder, and other applicable laws and regulations of the United States.

## XIV.

In particular, though not exclusively, Defendant USA was negligent for the following acts, omissions, and/or violations:

    A.    failure to adequately inspect and maintain its low head sill dam structure at Pools Bluff in a reasonably safe condition;

    B.    failure to adequately inspect and maintain warning signs upriver to its low head sill dam structure at Pools Bluff in a reasonably safe and visible condition to boats launching from the Pools Bluff ramp;

    C.    failure to adequately inspect and maintain the foliage, vegetation, and flagging surrounding the warning signs upriver to its low head sill dam structure at Pools Bluff in a reasonably safe condition to allow adequate visibility to boats launching from the Pools Bluff Ramp;

    D.    failure to notify the public, or publish Notice to Mariners, of changes and/or modifications to warning signage, flagging, navigational difficulties, and obstructions at its low head sill dam structure at Pools Bluff;

    E.    failure to reasonably adhere to Federal Emergency Management Agency ["FEMA"] best practices to assess public health and safety risks at its low head sill dam structure at Pools Bluff to include the assessment of clear and consistent safety signage techniques to mitigate the risk of injury and/or death;

    F.    failure to reasonably designate the Pools Bluff Boat ramp as an "Information Zone" for the placement of warning signs and information to the public about the location of its low head sill dam structure at Pools Bluff; and

    G.    other acts of negligence, statutory violations, and regulatory violations to be fully enumerated at the trial of this matter.

## XV.

Plaintiffs have suffered damages in the following nonexclusive particulars:

A. Loss of the love and affection of Decedent, grief, loss of quality of life, loss of nurture and guidance, and loss of consortium, service, and society;

B. Loss of income and support and loss of personal and household services;

C. Loss of inheritance;

D. Funeral and burial expenses; and

E. All other damages available to Plaintiffs under the general maritime law of the United States and/or any applicable state law.

## XVI.

Plaintiffs are also entitled to recover for the pre-terminal pain and suffering experienced by Decedent prior to his death.

## XVII.

The foregoing claims for damages are brought pursuant to the general maritime law of the United States and by way of supplement to the general maritime law with Louisiana state law, specifically La. C.C. Arts. 2315 and 2315.2.

**WHEREFORE**, Plaintiffs, STACEY GRIFFIN, individually and on behalf of the estate of her deceased husband, JOSEPH NEWBY, and COURTNEY BRASWELL respectfully pray:

1. That this Complaint for Damages be filed, and Defendant, UNITED STATES OF AMERICA, be duly cited and served;

2. After due proceedings are had, that there be judgment in favor of Plaintiffs, and against Defendant United States of America, for all relief prayed for herein and/or recoverable as a matter of law on all counts set forth herein, judicial interest as allowed by law, as well as for all costs, fees, expenses, and attorneys' fees incurred in the prosecution of this litigation, as well as interest on those sums; and

3. For any and all such other relief available at law or equity and that may be

determined by this Court to be just and proper.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW (#17817) (T.A.)
IAN F. TAYLOR (#33408)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
itaylor@lksalaw.com

**PLEASE SERVE:**

**THE UNITED STATES OF AMERICA**
Through the United States District Attorney for the Eastern District of Louisiana
Mr. Duane A. Evans
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130