UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACEY GRIFFIN, ET AL.** | **CIVIL ACTION NO: 22-3694** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

## ORDER AND REASONS

Before the Court is a Motion in Limine to Exclude Plaintiff's Expert Timothy Sullivan filed by the Government. R. Doc. 65. Plaintiff Kimberly Williams ("Plaintiff"), individually and on behalf of the estate of her deceased husband, Eric Joshua Williams, opposes the motion. R. Doc. 76. For the following reasons, the Government's motion is **DENIED**.

## BACKGROUND

This suit arises from the November 29, 2021 deaths of Joseph Newby ("Newby") and Eric Joshua Williams ("Williams"). R. Doc. 1 at ¶ 1. Newby and Williams died during a boating accident on the Pearl River near Bogalusa, Louisiana, after they unknowingly traveled over a low sill dam constructed and maintained by the United States Army Corps of Engineers. Following the accident, Plaintiff filed suit against the Government, alleging it was negligent in failing to maintain signs and structures warning of the dangers of the Pearl River low head sill dam structures.[1] *Id.* at ¶ 13. On September 26, 2023, the Government filed the instant motion in limine to exclude the testimony of Retired Coast Guard Admiral Timothy Sullivan, Plaintiff's liability expert. R. Doc. 65.

---

[1] Stacey Griffin and Courtney Braswell, Newby's wife and daughter, filed a separate suit which was later consolidated with the instant suit. Griffin and Braswell do not join in Williams's opposition.

## LAW AND ANALYSIS

The Government urges the Court to exclude the testimony of Admiral Sullivan on the grounds that it is not relevant and/or reliable. *Metrejean v. REC Marine Logistics, LLC*, No. 08-CV-5049, 2009 WL 3062622, at *1 (E.D. La. Sept. 21, 2009) (quoting *Daubert v. Merrill Dow Pharm. Inc.*, 509 U.S. 579, 588, 113 S. Ct. 2786 (1992)) (Federal Rule of Evidence Rule 702 "requires the district court to act as a gatekeeper to ensure that 'any and all scientific testimony or evidence admitted is not only relevant, but reliable'"). The Government rests its position on several bases, including that Admiral Sullivan's testimony contains impermissible conclusions of law and fails to identify the bases for his opinions as is required by Federal Rule of Civil Procedure 26.

Having reviewed the parties' briefing and Admiral Sullivan's report, the Court finds the Government raises compelling arguments for exclusion. Notably, however, this case is a bench trial and as such, the Court is the trier of fact. The purpose of a *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded on other grounds) (citing *Daubert*, 509 U.S. at 590-93, 113 S. Ct. 2786). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence." *Thompson v. Rowan Cos. Inc.*, No. 06-CV-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d 1011, 1042 (N.D. Ill. 2003)). Therefore, the *Daubert* safeguards are largely not at issue in this case, and, importantly,

the Government will have an opportunity to raise its objections to Admiral Sullivan's testimony on cross-examination. For these reasons, the Government's motion in limine is denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** the Government's motion is **DENIED**.

New Orleans, Louisiana, this 18th day of October 2023.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**