UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACEY GRIFFIN, ET AL.** | **CIVIL ACTION NO: 22-3694** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

## ORDER AND REASONS

Before the Court is a Motion for Site Inspection filed by Plaintiff Kimberly Williams ("Plaintiff"), individually and on behalf of the estate of her deceased husband, Eric Joshua Williams. R. Doc. 62. The Government opposes the motion. R. Doc. 74. For the following reasons, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

In the 1950s, the United States Army Corps of Engineers (the "Army Corps") built three low head sill dams, including the Pools Bluff dam, on the Pearl River in Bogalusa, Louisiana. R. Doc. 1 at ¶ 7. On November 29, 2021, Joseph Newby ("Newby") and Eric Joshua Williams ("Williams") were boating on the Pearl River and traveled over the Pools Bluff dam. *Id.* at ¶ 8, 9. The boat capsized and the men drowned. *Id.* at ¶ 9. On October 12, 2022, Plaintiff filed suit,[1] alleging the Government, through the Army Corps, negligently failed to maintain signs and structures warning of the dangers of the Pools Bluff dam. *Id.* at ¶ 13. On September 25, 2023, Plaintiff filed the instant motion asking the Court to visit the Pools Bluff dam.

## LEGAL STANDARD

"In a nonjury case, it is within the discretion of the trial judge to make an out-of-court viewing of the dispute property." 75B AM. JUR. 2D Trial § 1583 (May 2023 update) (collecting

---

[1] Emily Williams, Eric Joshua Williams's daughter, also filed suit, but did not join in this motion.

cases); *Johnson v. William C. Ellis & Sons Iron Works, Inc.*, 604 F.2d 950, 958 (5th Cir. 1979). In considering whether to authorize a site view, courts should consider "the importance of the information to be gained by the view to the issues in the case, changed conditions, practicality, and whether the same information has been secured from maps, photos or diagrams and testimony from witnesses." Robert P. Mosteller, et al., 2 McCormick on Evidence § 219 (8th ed. July 2022 update).

## ANALYSIS

After giving the matter serious consideration, the Court declines to conduct a site view at this time. In her brief, Plaintiff contends a site view is necessary because "[e]ven with a large number of photographs that have been taken of the area [of the accident], it is difficult to understand the layout of the canal, the river, the dam, and the signage, without observing them in person." R. Doc. 62-1 at 2. The Court is not convinced on the showing made that a site view would truly aid in this case, however. As the Government points out in its opposition brief, the accident at issue in this matter occurred nearly two years ago. The accident location has almost certainly changed in that time. It is certainly possible, for example, that, among other differences, the plant life surrounding the signs warning of the dam—which Plaintiff alleges the Army Corps failed to keep clear from foliage and vegetation—is not obstructing the signs in the same way or at a different level than it was on the date of the accident. And even if the general landscape remains the same, there is no way to ensure river conditions experienced by the Court would be the same conditions experienced by Williams and Newby in November 2021. It is possible, for instance, the water level could be different on the day of the site visit than it was on the day of the accident.[2] The possibility of inconsistent river conditions strongly weighs against a site view.

---

[2] Notably, Plaintiff, in her brief concedes "there may be some difference between the day of the accident and the present."

Finally, Plaintiff does not explain in detail what about the layout of the site will be difficult to understand absent a site visit, or how videos, photographs, and testimony will be insufficient to provide the Court with the understanding of the site it needs. Site views, while not extremely rare, are unusual and in the absence of a clearer explanation of the need for an inspection in this case, measured against the potential that current conditions, if different, could give rise to confusion and extra testimony and analysis regarding the relevance or significance of any difference, creates more issues than it might resolve. Based on the descriptions of the site already in the record, the Court is confident that, at this time, it will be able to orientate itself to the location of the accident based on visual and testimonial evidence and, should the Court determine this evidence is insufficient, the Court can raise the need for a site view on its own. At this time, however, the Court denies Plaintiff's motion for a site view without prejudice.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Plaintiff's Motion for Site Inspection (Record Document 62) is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 18th day of October 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**