UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STACEY GRIFFIN, ET AL.**                    **CIVIL ACTION NO: 22-3694**

**VERSUS**                                    **JUDGE DARREL JAMES PAPILLION**

**UNITED STATES OF AMERICA**                  **MAGISTRATE JUDGE JANIS VAN MEERVELD**

## ORDER AND REASONS

Before the Court is a Motion in Limine to Exclude Testimony of James "Jay" Barthelme and a Motion in Limine to Exclude Testimony Regarding Events that Occurred During Site Inspection, both filed by Plaintiff Kimberly Williams ("Williams"). R. Docs. 66 and 77. The Government opposes Williams's motions. R. Docs. 75 and 84. For the following reasons, Williams's motions are **DENIED**.

## BACKGROUND

This suit arises from the November 29, 2021 deaths of Joseph Newby and Eric Joshua Williams. R. Doc. 1 at ¶ 1. Mr. Newby and Mr. Williams died during a boating accident on the Pearl River near Bogalusa, Louisiana, after they unknowingly traveled over a low sill dam constructed and maintained by the United States Army Corps of Engineers. Following the accident, Williams filed suit against the Government,[1] alleging it negligently failed to warn of the dangers of the dam. *Id.* at ¶ 13.

## LAW AND ANALYSIS

I.  *Motion to Exclude Testimony of James "Jay" Barthelme*

Williams asks the Court to exclude the expert testimony of Mr. Barthelme on several grounds, including that Mr. Barthelme is unqualified, his testimony will not assist the Court in

---

[1] Emily Williams, Mr. Williams's daughter, also filed suit, but does not join in this motion.

understanding the evidence or determining a fact at issue, and his methodology is insufficient under *Daubert v. Merrell Dow Pharmaceuticals Incorporated*, 509 U.S. 579, 113 S. Ct. 2786 (1993). Despite Williams's arguments, the Court declines to grant the instant motion in limine. This is a bench trial and as such, the Court is the trier of fact. The purpose of a *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded on other grounds) (citing *Daubert*, 509 U.S. at 590-93, 113 S. Ct. 2786). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence." *Thompson v. Rowan Cos. Inc.*, No. 06-CV-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp.2d 1011, 1042 (N.D. Ill. 2003)). Therefore, the *Daubert* safeguards are largely not at issue in this case, and, importantly, Williams will have an opportunity to raise its objections to Mr. Barthelme's testimony on cross-examination. For these reasons, Williams's Motion in Limine to Exclude Testimony of James "Jay" Barthelme is denied.

II. *Motion to Exclude Testimony Regarding Events that Occurred at Site Inspection*

In her second motion, Williams asks the Court to exclude evidence that, while inspecting the accident site, Williams's counsel and expert had engine trouble, causing them to inadvertently drift towards the dam until they were able to row to shore. R. Doc. 77. Williams argues testimony about this incident is irrelevant, particularly "[s]ince there is no evidence whatsoever that any engine problems contributed to the fatal accident." *Id.* at 2.

2

The Court denies this motion in limine on the same grounds as Williams's first motion. This motion, while not a *Daubert* motion, is a motion in limine raised in a bench trial.  And "courts in the Fifth Circuit have consistently held that a motion in limine serves no real purpose in a bench trial since the court can and does readily exclude from its consideration inappropriate evidence of whatever ilk."  *Rash v. Lafayette Cnty., Miss.*, No. 20-CV-224, 2022 WL 983645, at *1 (N.D. Miss. Mar. 30, 2022) (internal quotations and citations omitted) (collecting cases).  A "judge, sitting as a trier of fact, is presumed to . . . rest[] his verdict only on the admissible evidence before him" and, therefore, the basis on which motions in limine are generally filed—to prevent the trier of fact from considering inadmissible evidence—is not a concern in a bench trial such as this.  *Gov. of Canal Zone v. Jimenez G.*, 580 F.2d 897, 898 (5th Cir. 1978) (quoting *United States v. Masri*, 547 F.2d 932, 936 (5th Cir. 1977)).  As with the grounds for her first motion in limine, Williams may raise her arguments in support of the issues raised in this motion at trial.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Williams' Motion in Limine to Exclude Testimony of James "Jay" Barthelme (Record Document 66) is **DENIED**.

**IT IS FURTHER ORDERED** Williams's Motion in Limine to Exclude Testimony Regarding Events that Occurred During Site Inspection (Record Document 77) is **DENIED**.

New Orleans, Louisiana, this 1st day of November 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**